HORMOZDI LAW FIRM, LLC
Shireen Hormozdi
1770 Indian Trail Lilburn Road, Suite 175
Norcross, Georgia 30093
Telephone: 678-395-7795,
Facsimile: 866-929-2434
shireen@lawnorcross.com

Attorney for Plaintiff
VIRGINIA SANDAS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA SANDAS; an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, a foreign limited partnership; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]** |

## COMPLAINT FOR DAMAGES

### I.　　INTRODUCTION

1. This is an action for actual and statutory damages brought by Virginia Sandas ("Plaintiff"), an individual consumer, against GC Services Limited Partnership ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.　　JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

### III. PARTIES

4. Plaintiff is an individual residing in the Hempstead, Nassau County, New York 11550.  Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a foreign company, registered under the laws of the State of Delaware.  Defendant's principle place of business is 6330 Gulfton, Houston, Texas 77081.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, New Jersey.  Thus, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV. FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff in the attempt to collect a debt originally incurred with another creditor ("alleged debt").

9. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers 646-797-5572, 646-797-5573, 646-797-5611, 646-797-5616, 646-797-5617, 646-797-5660 and 646-797-5661.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers 646-797-5572, 646-797-5573, 646-797-5611, 646-797-5616, 646-797-5617, 646-797-5660 and 646-797-5661.

11. Between November 1, 2013, and November 12, 2013, Defendant called Plaintiff from no less than seven (7) different numbers.

12. Defendant's practice of regularly calling Plaintiff from multiple different numbers over a short period of time is intended to harass, deceive and mislead Plaintiff. Defendant's practice of regularly calling Plaintiff from multiple different numbers over a short period of time would be deceptive and misleading to an ordinary consumer in Plaintiff's position.

13. Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's telephone number 516-481-1186.

14. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.

15. Between October 30, 2013 and December 4, 2013, Defendant called Plaintiff no less than one hundred and forty-seven (147) times.

16. Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day.  On or about, but not limited to, October 30, 2013, and October 31, 2013, Defendant called Plaintiff no less than seven (7) times over the course of one day.

17. On or about November 6, 2013, Defendant called Plaintiff.  Plaintiff answered Defendant's call and spoke with a representative of Defendant.  Plaintiff requested that Defendant cease calling Plaintiff.

18. Subsequent to November 6, 2013, Defendant called Plaintiff no less than one hundred and seven (107) times.

19.     On or about November 19, 2013, Plaintiff requested in writing that Defendant cease calling Plaintiff.  See Exhibit "A," attached.  Subsequent to November 19, 2013, Defendant called Plaintiff no less than sixty-one (61) times.

20.     On or about December 4, 2013, Plaintiff requested in writing that Defendant cease calling Plaintiff.  See Exhibit "B," attached.  Subsequent to December 4, 2013, Defendant called Plaintiff after Plaintiff.

21.     Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

22.     Defendant's conduct as described in detail above amounted to false, deceptive or misleading representations or means in connection with the collection of the alleged debt.

23.     Defendant's conduct as described in detail above amounted to any false representation or deceptive means to collect a debt or obtain information about Plaintiff.

24.     Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

## V.     CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

25.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

26.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated 15 U.S.C. §1692(c) by communicating with a consumer after a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt; and

(b)     Defendant violated 15 U.S.C. §1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly.

27.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

(c) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(d) For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 13, 2013            HORMOZDI LAW FIRM, LLC

By: /s/ Shireen Hormozdi, Esq.

Shireen Hormozdi
*Attorney for Plaintiff*